The Law Offices of Avrum J. Rosen, PLLC
Proposed Attorneys for the Debtor
38 New Street
Huntington, New York 11743
Fred S. Kantrow
Avrum J. Rosen

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:

          PLASTIC SOLUTIONS INC.,

                              Debtor.
------------------------------------------------------------------x

Chapter 11
Case No.: 10-72327-dte

## DEBTOR'S EMERGENCY APPLICATION
## FOR THE INTERIM USE OF CASH COLLATERAL

PLASTIC SOLUTIONS INC., the debtor and debtor in possession (the "Debtor") in this chapter 11 case, by and through its proposed counsel, The Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and for its application (the "Application") for the entry of an interim order (the "Interim Order") authorizing the Debtor's use of cash collateral and scheduling a further hearing on interim use of cash collateral and a final hearing (the "Final Hearing") and states as follows:

1.      The Debtor filed a voluntary petition pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on April 1, 2010 (the "Petition Date"). The Debtor continues to operate its business as a debtor in possession.

2.      No official committee, trustee or examiner have been appointed in this case.

3.      Prior to the commencement of the instant case, the Debtor had filed and confirmed to chapter 11 plans of reorganization. Most recently, the Debtor confirmed a plan in case number 04-81401-dte.

4.      The Debtor had and still has substantial tax debt. The Internal Revenue Service

(the "I.R.S.") may have a valid tax lien against all of the Debtor's assets. Accordingly, the Debtor seeks authorization to use the cash collateral of the I.R.S.

## RELIEF REQUESTED

5. The Debtor seeks the entry of an order (the "Interim Order") authorizing the Debtor to use the cash collateral (the "Cash Collateral") of the I.R.S., *nunc pro tunc* to the Petition Date

6. The Debtor requests that the I.R.S. permit the Debtor to use, sell or lease the Cash Collateral and/or Other Property during the interim term, subject to a final order (the "Final Order"), subject to the terms and conditions set forth herein.

7. The IRS shall be granted a continuing, perfected post-petition security interest and lien on the Debtor's post-petition Cash Collateral and/or Other Property to the extent that the Debtor is permitted to use, sell or lease the pre-petition Cash Collateral and/or Other Property to which the Lien of the IRS has attached.

8. Commencing on May 1, 2010, and continuing on the first day of each month thereafter (until the earlier of a Plan of Reorganization being confirmed by the Court, the case being dismissed, the case being converted to a case under Chapter 7 of the Code or the Secured Claim of the IRS being paid in full), the Debtor shall pay to the IRS, on account of the Secured Claim of the IRS, the sum of $2,000.00 per month which shall be first applied toward the principal of the Debtor's tax liabilities that are represented by the Secured Claim.

9. The Debtor shall remain current with all of its post-petition tax liabilities, shall timely file all required tax returns, shall file all past due returns within 15 days of the entry of the proposed Order, shall timely make all required tax deposits and payments, and shall serve notice of all tax deposits (on IRS Form 6123) within fifteen (15) days of each deposit.

10. The Debtor shall provide the IRS with monthly reports setting forth all collections, disbursements, beginning and ending balances, and all changes in Cash Collateral and/or Other Property. If accounts receivable are part of this report, an aging schedule of those accounts receivable is to be included in the report. The first report is due on April 20, 2010.

11. All tax returns that the Debtor is required to file pursuant to this Order shall be mailed to the following address:

> Chief, Insolvency Unit
> Internal Revenue Service
> Brooklyn District
> GPO Box 60
> Brooklyn, NY 11202
> Att:

All payments, reports and notices that IRS is to receive or that the Debtor is required to file pursuant to the Order, together with copies of all tax returns that were mailed to the above-stated address, shall be mailed to the following address:

> Financial Litigation Section
> United States Attorney's Office
> 1 Pierrepont Plaza
> 14th Floor
> Brooklyn, NY 11201
> Att:

12. At all times during the pendency of these proceedings, the Debtor shall maintain insurance covering the full value of its machinery, equipment, furniture and inventory. The Debtor shall provide the IRS with proof of such insurance.

13. Debtor shall maintain a "<u>Debtor in Possession Account</u>", and with the exception of funds needed for petty cash and other payments in the normal course of business or otherwise allowed by the Court, Debtor shall deposit and maintain all cash and all proceeds of accounts receivable, inventory, contract rights, and general intangibles in said account.

14. During the pendency of this agreement, Debtor shall not prepay expenses except in the ordinary course of business and Debtor shall not use Cash Collateral and/or Other Property for any purpose which is not authorized by the Code or the Bankruptcy Court. The Debtor notes that the Code allows the Debtor to pay normal post-petition expenses incurred in the ordinary course of business.

15. The I.R.S, by and through its agents or representatives, shall have access to and the right to inspect the Debtor's assets and properties during business hours.

16. Upon reasonable notice, the Debtor will permit the I.R.S. to inspect, review and copy any financial records of the Debtor. These records will be provided at the Debtor's place of business.

18. In the event of default, the District Director or his delegate may declare the Debtor to be in default of this agreement. Failure to declare that the Debtor is in default shall not constitute a waiver by the District Director or his delegate of the right to declare the Debtor in default. The Debtor's failure to abide by any of the provisions of the Order constitutes an event of default.

19. Upon an event of default under this Order, the I.R.S. shall provide the Debtor with written notice of such default. If the Debtor does not object, upon receipt of 5 days notice, to a motion by the I.R.S. for relief from the automatic stay in the event of the Debtor's default under the Order, the I.R.S. shall be granted such relief.

20. The Debtor's authority to use Cash Collateral and/or Other Property, pursuant to the Order, shall terminate upon written notification delivered to the Debtor subsequent to an event of default which is not cured within ten (10) days, as outlined in Paragraph 19 above.

21. The pre- and post-petition liens described in the Order shall continue in full force

and effect after the termination of the Debtor's authority to use Cash Collateral and/or Other Property, to the same extent and degree to which they have force and effect by law prior to the entry of the Order, and the parties shall neither lose nor gain with respect to legal rights held under those pre- and post-petition liens by reason of the operation of the Order.

22. A waiver by the I.R.S. at any one time of the conditions required herein shall not be deemed to affect the I.R.S.' right to compel performance of any condition of the Order.

23. It is understood that nothing in the Order constitutes any waiver of any issues or rights that the parties may assert against each other.

24. Nothing in the Order shall constitute an admission by the I.R.S. that the protection provided to it herein shall not at some time become inadequate to fully and properly protect its interests and at any time the I.R.S. may, in its sole discretion, apply to the Bankruptcy Court for additional adequate protection. Further, nothing in the Order shall bind the I.R.S. or constitute an agreement by it to treatment of its claim under any Plan of Reorganization.

25. The Debtor respectfully requests that this Court enter an Order, substantially in t he form of the proposed Order annexed hereto, authorizing the Debtor to use the Cash Collateral as described herein, on an emergency and interim basis, until the date of a final hearing (the "Final Hearing") at which time the Court may consider the entry of a Final Order.

26. Further, the Debtor requests that this Court schedule a Final Hearing.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an Order, substantially in the form of the proposed Order annexed hereto, authorizing the emergency and interim use of the Cash Collateral and scheduling a Final Hearing, together with such other and further relief that this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
April 2, 2010

                                              The Law Offices of Avrum J. Rosen, PLLC
                                              Proposed Attorneys for the Debtor

BY:    <u>S/Fred S. Kantrow</u>
         Fred S. Kantrow
         38 New Street
         Huntington, New York 11743
         631 423 8527