DANIEL WM. DeLUCA, ESQ.
3555 Veterans Memorial Highway
Suite P
Ronkonkoma, New York 11779
(631) 981-3555
DWD-3623

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:

PLASTIC SOLUTIONS, INC.

                      Debtor.

-------------------------------------------------------X

Chapter 11
Case No. 10-72327 (DTE)

**OBJECTIONS TO MOTIONS and APPLICATIONS BY DEBTOR**

TO: Honorable Dorothy T. Eisenberg:

### OBJECTIONS OF RAC INDUSTRIAL DEVELOPERS, LANDLORD AND ADMINISTRATIVE CREDITOR TO MOTIONS AND APPLICATIONS OF DEBTOR

1. RAC Industrial Developers is the Landlord of the business premises occupied by the debtor.

2. RAC Industrial Developers objects generally to all of the applications and motions of the debtor before this Court, in so much as they affect the payment of post petition rent and additional rent by the debtor. RAC Industrial Developers also objects based upon the principles of fair dealing and fairness.

3. The Court should note that the landlord intends to bring a motion to seek relief from the automatic stay. This is based upon the fact that, as will be discussed herein below, the debtor has been less than honest in its dealings with the landlord and has been in repeated default under the terms of the lease since its inception.

4. The landlord has just learned from the papers submitted by the debtor herein that it had previously filed a bankruptcy proceeding in 2004 and that the bankruptcy was still pending.

5. In fact, based upon the computer files of the Court, under the prior bankruptcy case number 04-81401-dte, the debtor was still in bankruptcy when it entered into the lease with the landlord on February 23, 2006.

6. In addition, the broker, Metro Reality Services, LLC, knew of the pending bankruptcy since there was an application before this Court at that time in which fees of $67,500.00 were being sought.

7. The Court should note that the landlord is considering an adversary proceeding in this case for fraud and conspiracy against the debtor and Metro Realty Services, LLC for their failure to disclose, prior to entering into the lease, that it was in bankruptcy and was subject to a Plan of Reorganization which restricted the use of its cash capital.

8. Every contract has an implied covenant of good faith and fair dealing and the debtor's failure to disclose its financial condition and its bankruptcy was in bad faith. *Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 389, 663 N.E.2d 289, 639 N.Y.S.2d 977 (1995); *Outback/Empire I, Ltd. P'ship v. Kamitis, Inc.*, 35 AD3d 563, 563, 825 N.Y.S.2d 747 (2d Dept. 2006); *Richbell Info. Servs., Inc. v. Jupiter Partners, L.P.*, 309 A.D.2d 288, 302-03, 765 N.Y.S.2d 575 (1st Dept. 2003). In addition, the landlord would not have accommodated the debtor by tolerating its repeated delinquency in paying late and ultimately not paying at all had it known of the prior financial difficulties.

9. It would be highly unfair and prejudicial to the landlord to allow payment of bills and expenses without paying the rent. Debtor's counsel has advised that the debtor has no intention of paying the pro rata post petition rent for the month of April and that the first payment will not be until May 1, 2010. That is unacceptable to the landlord, particularly in light of the current applications before this Court. It is plainly unfair. If same is not voluntarily paid the landlord intends to bring a motion to seek relief from the Stay.

## PAYMENT OF WAGES

10. The landlord has a specific objection to the payment of wages to the principal of the debtor and any family member. The debtor's principal and his family should not be permitted to benefit from the fraudulent conduct of the debtor's principal.

11. The propriety of of the debtor's principal actions in his business dealings should be questioned by this Court. After all, the company has not paid taxes for quite some time.

12. The landlord has had to incur the expenses of the premises in the paying of its mortgage carrying charges, taxes and the like, yet the debtor's principal has continued to enjoy the benefits and income of the entity to the exclusion of rent and additional rent.

13. It is obvious at the current time that the subject business premises is a necessary part of the debtor's operations and therefore the Court should not grant any order which would jeopardize the debtor being able to pay, at the very least, the pro rata post petition rent for April and continuing post petition rent and additional rent.

14. There must be a quid pro quo to the landlord if the debtor is to continue to utilize the property for the benefit of the estate and the other creditors.

**WHEREFORE,** it is respectfully requested that the motions and applications being sought by the Debtor be denied and/or provide for the protection of the landlord and the payment of the post petition rent and additional rent and for such other and further relief as to the Court may deem just and proper.

Dated:  Ronkonkoma, New York
        April 8, 2010

                                        Respectfully submitted,


                                        /s/DANIEL W. DELUCA
                                        DANIEL Wm. DeLUCA, ESQ.
                                        (DWD3623)
                                        Attorney for RAC INDUSTRIAL DEVELOPERS
                                        3555 Veterans Memorial Highway,
                                        Suite P
                                        Ronkonkoma, New York 11779
                                        (631) 981-3555

Case No. 10-72327 (DTE)
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____
In re:

PLASTIC SOLUTIONS, INC.

       Debtor


_____

*OBJECTIONS TO MOTIONS and APPLICATIONS BY DEBTOR*

==========================================================================
**DANIEL Wm. DeLUCA, ESQ.**
Attorney(s) for **RAC INDUSTRIAL DEVELOPERS**
Office and Post Office Address
**3555P VETERANS MEMORIAL HIGHWAY
RONKONKOMA, NEW YORK 11779
(516) 981-3555**
==========================================================================

To**: _____, ESQ**

Attorney(s) for _____
==========================================================================
**Service of a copy of the within _____ is hereby admitted.**

Dated: _____, 19\_\_

Attorney(s)for _____        _____
==========================================================================
**Sir: Please take notice**

**NOTICE OF ENTRY**
that the within is a (certified) true copy of an _____ duly entered in the office of the clerk of the within named court on _____, 19\_\_.

**NOTICE OF SETTLEMENT**
that an order of which the within is a true copy will be presented for _____, one of the within Court, , on the\_\_\_\_ day of _____, at _____.M

Dated: April 8, 2010

                                Yours, etc.

**DANIEL Wm. DeLUCA, ESQ.**
Attorney(s) for **RAC INDUSTRIAL DEVELOPERS**
Office and Post Office Address
**3555 VETERANS MEMORIAL HIGHWAY
SUITE P
RONKONKOMA, NEW YORK 11779
(516) 981-3555**

To:     _____, **ESQ.**
         **Attorney(s) for _____**